ISAAC SHELLABARGER, *et al.*, v. J. W. BISHOP, *et al.*

MECHANICS-LIEN LAW OF 1872; *Filing Statement; Time.* Under the Mechanics-Lien Law of 1872 a party furnishing materials for the erection of a building had four months from the completion of the building in which to file his statement for a lien.

*Error from Shawnee District Court.*

SHELLABARGER & LEIDIGH sold and delivered to *Bishop*, in October 1872, lumber to be used in the erection of a building on real estate then owned by *Bishop*. On the 1st of November 1872 *Bishop* gave *S. & L.* his note for the lumber. Said building was completed in December 1872. On the 21st of March 1873 *S. & L.*, the note being unpaid, filed their statement under the mechanics-lien law then in force for a lien on said building and lands for the amount due on said note. In October 1873 *S. & L.* commenced their action to foreclose said lien, making *Bishop* and a subsequent purchaser of the premises defendants. Trial at the June Term 1874. The district court held that, as the lien-statement had not been filed within four months from the delivery of the lumber, no lien had been acquired, and that plaintiffs were entitled only to a judgment *in personam* against *Bishop*. Judgment accordingly, and *S. & L.* bring the case here on error.

*N. C. McFarland,* and *J. G. Slonecker,* for plaintiffs:

The lien law of 1872, § 3, says "Such statement shall be filed within four months after the *completion of the building,*" which is decisive of the question, unless the law is held to mean differently from what it says. The completion of the building, means the completion of the *whole* building; and the lien may be filed within the time limited after the completion of the whole. 27 Mo., 139; 18 Penn. St., 160.

*Martin & Case,* for defendants:

Under the mechanics-lien law of 1872, a person who furnishes lumber for the erection of a building, in order to avail himself of the provisions of said law, must file his lien within four months from the time of delivering the last item of lumber; (§§ 2 and 3 of said act.) The four-months limitation commences to run whenever *the contract between the parties* is completed. The contract is completed when the last item of material is furnished. This is the construction which other statutes of limitation have received. And we cannot conceive of any reason why we should depart from all analogy to give this statute a different interpretation, nor can we understand how a better or juster rule can be made. 19 Penn. St., 341; 9 Mo., 554; 12 Mo., 479; 15 Mo., 176.

The opinion of the court was delivered by

BREWER, J.: The question in this case is on the construction to be given to a portion of the mechanics-lien law of 1872. The plaintiffs in error furnished lumber to be used in the erection of a building belonging to one of the defendants. They filed their papers for a lien within four months from the completion of the building, but not within four months of the time of delivering the lumber. Have they a lien? This is purely a question of the construction of the statute. The first section provides that "any mechanic or other person, who shall under contract * * * perform labor or furnish material for erecting, altering or repairing

any building, or the appurtenances of any building, or any erection or improvement, or shall furnish or perform labor in putting up any fixtures or machinery in or attachment to any such building or improvement, or plant and grow any trees, vines, and plants, or hedge fence, or shall build a stone fence, or shall perform labor or furnish material for erecting, altering or repairing any fence on any tract or piece of land, shall have a lien upon the whole tract," etc. Sec. 3, after describing the statement that must be prepared adds, "such statement shall be filed within four months after the completion of the building, improvements, or repairs, or the furnishing or putting up of fixtures or machinery, or the planting of such hedge or the building of such fence, or the furnishing of such material or labor for the building of such fence." It seems to us that the only time given from which to date, in a case like the one at bar, is the *completion* of the building. The latter part of the quotation is of course inapplicable, referring as it does specifically to fixtures, machinery, hedge, and fence, so that we must look to the first clause. That says, "after the completion of the building, improvements, or repairs." Now in this there is nothing which by any sort of fair construction can be held to refer to the delivery of material. It obviously refers to the completion of the work for which the material was furnished, and upon which the labor was performed. If it was a matter of repairs, the time dated from the completion of the repairs, and not from the time each separate contractor completed his part of the repairs. And the same, if it was the erection of a building. It is true, that this may in some cases give a long time in which a secret lien is preserved, and that the law looks with disfavor upon secret liens. But with the wisdom of such legislation we have nothing to do. The legislature prescribes the time, and we are not authorized to limit it. This construction gains some little support from the last clause of the quotation from § 3, that in reference to the building of a fence. Here the furnishing of the material, as well as the doing of the labor, is made a point from which to date the four months. So that

the matter was before the attention of the legislature, and for reasons which we do not know, a distinction was made between fences and buildings. The authorities cited from Missouri and Pennsylvania have little application, as the terms of their statutes are different.

The judgment of the district court will be reversed, and the case remanded for a new trial.

All the Justices concurring.