Delahay v. Goldie.

M. W. DELAHAY, *et al.*, v. WM. GOLDIE.

1. PETITION; DECREE; *Barring Interest of Incumbrancer.* A petition in an action to foreclose a mechanic's lien in which one L. D. was made a party defendant, and in which the only allegation against her was that she "claims an interest in this controversy adverse to the plaintiff, the extent of such interest, if any, to this plaintiff is unknown, and that she be compelled to set up her interest, if any," does not warrant a decree barring her of all interest in the premises, or any other decree or judgment against her.

2. MECHANIC'S LIEN; *Verifying Statement.* Under the mechanic's-lien law of 1872 the statement required to be filed may be verified by an agent of the claimant.

3. ———— *Lien of Material-man.* Under that law a lumber dealer furnishing lumber to a contractor for the erection of buildings, under a contract with such contractor, and for the purpose of being used in such buildings, and which is actually used therein, may acquire a lien therefor. (*Clark v. Hall*, 10 Kas. 80, commented on and explained.)

4. ———— *Sub-Contractor; Limit of Lien.* The lien of the sub-contractor is limited only by the amount contracted to be paid to the contractor; and all payments made to the contractor prior to the expiration of sixty days after the completion of the building, are at the risk of the owner.

*Error from Leavenworth District Court.*

ALL material facts are stated in the opinion of the court. *Goldie* as plaintiff, had judgment against *Taggart* and the *Delahays,* at the November Term 1874. The *Delahays* bring the case here on error.

*Clough & Wheat,* for plaintiffs in error.

*Lucien Baker,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: This was an action by Goldie to foreclose a mechanic's lien. M. W. Delahay was the owner, J. P. Taggart the contractor, and Goldie claimed as sub-contractor. The latter made Taggart, M. W. Delahay, and Louisiana Delahay, parties defendant. He recovered a personal judgment against Taggart, and a portion of this amount was ad-

judged a lien upon the premises. A decree of foreclosure and sale was entered against all the defendants. Taggart is not here complaining of the judgment, and of course we need not inquire whether any error was committed against him. The two Delahays are alone plaintiffs in error, and they present several matters for our consideration. Some of them have been already passed upon in other cases, and we need only refer to them here.

I. The only allegation in the petition against Mrs. Delahay is in these words: "And said plaintiff further says, that the said Louisiana Delahay and the said J. P. Taggart claim an interest in this controversy adverse to the plaintiff, that the extent of such interest, if any, to this plaintiff is unknown, and that they be compelled to set up their interest, if any." She filed no answer. Upon this a decree was entered barring her of all interest in the premises. This was erroneous. *Short v. Nooner*, 16 Kas. 220.

II. The statement for the lien was verified, not by the claimant, but by an agent. Counsel contend that, inasmuch as verification by an agent is not in terms authorized by the lien law, and as the lien law is in derogation of the common law, no such verification is sufficient. If the statute had prescribed by whom the verification should be made, it might well be contended that such provision was exclusive. But the statute simply requires the filing of a statement, "verified by affidavit." Laws 1872, p. 296, § 3. It would be adding to the statute to hold that only the claimant's affidavit was sufficient. In all the instances cited by counsel in which express authority is given to agents and attorneys to make affidavits, the principals are likewise expressly named. The omission here is certainly significant. In Ohio, under a statute which provided that the claimant should file a statement "after making oath thereto," a verification by an agent was held sufficient. *Williams v. Webb*, 2 Disney, 430; *Dorman v. Crozier*, 14 Kas. 224.

III. Again, it is claimed that as Goldie was a lumber dealer, who had no contract with Delahay, but simply sold

the lumber for a gross sum to Taggart, the contractor, he could acquire no lien. This is a mistake. Any person furnishing material under a sub-contract with the contractor is given by the statute a lien. It must be furnished under a contract, and for the purpose of being used in the building, and must actually be so used. *Weaver v. Sells*, 10 Kas. 609. The language used in the case of *Clark v. Hall*, 10 Kas. 80, must be understood in connection with the question therein presented. It was not contended that a lumber dealer furnishing lumber to a contractor could not under the statute acquire a lien. But the claim of the plaintiff was, that he had sold the lumber directly to the lot-owner, and claimed a lien in consequence as an original contractor, while the defendant himself insisted that he had never himself purchased any lumber from plaintiff, that he had contracted with one McFall to furnish the material and do the work, and that McFall had purchased the lumber, and that he had paid McFall in full except about $80, which he claimed as damages. Upon this was the dispute. If McFall made the purchase, it was primarily McFall's debt, and a subsequent promise of Hall to pay was a promise to pay the debt of another. So also, Clark could not acquire a lien as contractor, but only as a sub-contractor. And a mere subsequent promise by the lot-owner to pay the debt, would not change a sub-contractor into a contractor, or of itself give a lien upon the building.

IV. Finally, it is claimed that as nothing was shown to be due and unpaid by Delahay to Taggart at the time of the filing of the lien, no recovery could be had against the premises. But the contract between Delahay and Taggart provided for the payment of many times the sum now claimed by Goldie; and, as heretofore decided under the lien law of 1872, the lien of the sub-contractor is limited only by the amount contracted to be paid the contractor; and all payments made to the contractor prior to the expiration of sixty days after the completion of the building are at the risk of the owner. *Shellabarger v. Thayer*, 15 Kas. 619; *Shellabarger*

18—17 KAS.

*v. Bishop*, 14 Kas. 432. This may be, as counsel earnestly contend, a very harsh provision; but that is a question for the legislature, and not the courts. These are all the matters we deem it necessary to notice.

The judgment of the district court as to M. W. Delahay will be affirmed; as to Louisiana Delahay it will be reversed, and the case remanded with instructions to render judgment in her favor for costs. The costs of this court will be divided between Goldie and M. W. Delahay.

All the Justices concurring.