CHARLES P. DEATHERAGE, *et al.*, v. GEORGE A. WOODS, *et al.*—CHARLES P. DEATHERAGE, *et al.*, v. ELI HENDERSON, *et al.*

1. MECHANICS' LIEN; *Statement Shows Owner's Name.* A statement for a mechanics' lien shows, among other things, as follows: "Name of owner, George A. Woods. . . . Said contractors and claimants [Deatherage & Ewart] claim a lien upon the following-described property, [here the property is described,] . . . for that they did, under contract with said owner, furnish material for erecting the two-story frame building in and upon said property." *Held,* That the statement sufficiently shows the owner's name.

2. STATEMENT, *Failure to Sign.* The statement itself is not signed by the claimant, but immediately following the statement is the affidavit, which is signed; *held,* that the failure to sign the statement is unimportant.

3. ———— *Verification.* The claimant is a firm, and the statement is verified by a member of the firm; *held,* sufficient.

4. ———— *Sufficient Filing.* The statement as thus made out, signed and verified, was filed·in the office of the clerk of the district court; *held,* a sufficient filing.

5. ———— *Material Error.* Where a statement for a mechanics' lien is subject to no objections except those above mentioned, *held,* that it is material error to exclude it on the trial of a case.

*Error from Wabaunsee District Court.*

ACTION brought by Charles P. Deatherage and William I. Ewart, under the firm-name of *Deatherage & Ewart,* against *George A. Woods* and others, upon an account for lumber and building materials sold to Woods, and to enforce a mechanics' lien. The statement for the mechanics' lien, filed in the office of the clerk of the district court, on July 8, 1885, reads as follows:

"Name of owner, George A. Woods. Names of contractors, Charles P. Deatherage and William I. Ewart, partners, doing business in the firm-name of Deatherage & Ewart. Names of claimants, Charles P. Deatherage and William I. Ewart, partners, doing business under the firm-name of Deatherage & Ewart.

"Said contractors and claimants claim a lien upon the following-described property, to wit: Lots Nos. 19 and 20, of block number 5, in the town of Harveyville, in the county of Wabaunsee and state of Kansas, as platted in the recorded plat of said town now on record in the office of the register of deeds for said county and state, together with all the hereditaments and appurtenances thereunto belonging or in anywise appertaining, for that they did, under contract with said owner, furnish material for erecting the two-story frame building in and upon said property. The amount claimed for said materials, etc., and the items thereof, as nearly as practicable, are as follows, as shown by exhibits 'A,' 'B,' 'C,' and 'D,' hereto attached and made a part hereof, amounting in the aggregate to the sum of $623.19, being respectively for the following amounts, to wit: Exhibit 'A,' $251.18; exhibit 'B,' $356.71;

exhibit 'C,' $5.30; exhibit 'D,' $10. All of said material furnished, and the same fully completed on the 26th day of May, 1885.

"STATE OF KANSAS, WABAUNSEE COUNTY, *ss.*—I do solemnly swear that the foregoing statement is true in every particular, and that said material was used in the construction of said buildings and improvements, and that a true list of the items used therein is also indorsed hereon, marked exhibits 'A,' 'B,' 'C,' and 'D.' So help me God.

WILLIAM I. EWART,
*For Deatherage & Ewart, Claimant.*

"Subscribed and sworn to before me, this 8th day of July, 1885. THEO. S. SPIELMAN,
[Seal.] *Clerk Dist. Court.*"

The exhibits, A, B, C and D, are as stated. Trial before the court without a jury, on December 15, 1885. The plaintiffs offered to introduce in evidence this statement, with the exhibits thereto, but the defendants objected upon the following grounds, to wit:

"That said statement is incompetent, irrelevant and immaterial, and does not contain the name of the owner of the property sought to be charged with plaintiffs' lien; that it was not signed; that it was not filed by the firm of Deatherage & Ewart; that it was filed by William I. Ewart in his individual capacity; and that it does not show that it was verified by the affidavit of said Ewart either as a partner or agent for said firm."

The court below sustained the objection, and excluded the evidence. Upon the evidence introduced, the court rendered judgment in favor of the plaintiffs and against the defendant *Woods* for the amount claimed, but rendered judgment in favor of the defendants and against the plaintiffs with regard to the mechanics' lien. The plaintiffs bring the case to this court.

*Botsford & Williams*, for plaintiffs in error.

*Hazen & Isenhart*, for defendant in error Henderson.

The opinion of the court was delivered by

VALENTINE, J.: The only question involved in this case is, whether the plaintiffs' statement for a mechanics' lien is sufficient or not. The court below held that it is not.

I. It is claimed that the statement is not sufficient because it does not contain the name of the owner of the property sought to be charged with the plaintiffs' lien. We do not think that this claim is tenable. The statement shows, among other things, as follows:

"Name of owner, George A. Woods. . . . Said contractors and claimants [Deatherage & Ewart] claim a lien upon the following-described property, [here the property is described,] . . . for that they did, under contract with said owner, furnish material for erecting the two-story frame building in and upon said property."

This is certainly a sufficient statement of the name of the owner of the property. It is fully as definite as the statute itself is.

II. It is claimed that the statement is insufficient because it was not signed. Now the statute does not require that the statement shall be signed; and if the statement is otherwise sufficient, the signature is unimportant. (*White v. Dumpke,* 45 Wis. 454.) The statute, however, requires that various things shall be shown by the statement, as "the amount claimed and the items thereof as nearly as practicable, the name of the owner, the name of the contractor, the name of the claimant, and a description of the property subject to the lien, verified by affidavit;" all of which the statement in this case shows. The affidavit in this case follows immediately after the statement, and the affidavit is *signed* by one of the plaintiffs, who are partners in the business of furnishing lumber and building materials. This would seem to be sufficient. (*White v. Dumpke,* ante; *Hicks v. Murray,* 43 Cal. 515.)

III. It is claimed, however, that the statement is not properly verified by affidavit. The verification may be a little irregular, or a little informal, and yet we think it is sufficient.

It was verified by William I. Ewart.    He is one of the plaintiffs in this action, and is one of the partners who furnished the building materials for which this action is brought, and for which this lien is claimed.    His name indicates who he is, and the evidence shows it.    The verification itself shows that he verified the statement "for Deatherage & Ewart, claimant." This we think is sufficient. ( *White v. Dumpke,* ante.) We suppose it will not be claimed that the verification for a firm should be made by all the members of the firm.    A verification by any one of them would be sufficient, and probably a verification by any agent of the firm would be sufficient.

IV.  It is further claimed that the statement is insufficient for the reason that it was not filed by the firm of Deatherage & Ewart, but was filed by William I. Ewart in his individual capacity.    We do not think that this claim requires any discussion.    It is not good.

The case of *Charles P. Deatherage and William I. Ewart* (partners as Deatherage & Ewart) *v. Eli Henderson, et al.,* involves the same questions as are involved in the case which we have just been considering, and the two cases were submitted to this court at the same time.    In the last-mentioned case still another question is presented.    It is urged that even if it was an error on the part of the court below to exclude the statement for the mechanics' lien, still, that the error was immaterial and harmless.    Now we cannot say that the error was immaterial or harmless.    By the exclusion of the plaintiffs' statement for a mechanics' lien, their power to maintain or enforce their lien was utterly and hopelessly overthrown and defeated, whatever other evidence they might have had or might have introduced, and we cannot know what evidence they would have introduced if their statement for a mechanics' lien had not been excluded; possibly they might have introduced a great deal more.    We can say this, however: the evidence which they did introduce did not necessarily defeat or destroy their mechanics' lien, but on the contrary it tended to sustain and support it.    It is useless to comment upon this

evidence, however, for when the entire evidence is introduced of both the plaintiffs and the defendants, it may make a very different showing from what this portion of the evidence already introduced by the plaintiffs does. With reference to the questions that might arise upon the evidence, we would refer to *Phillips on Mechanics' Liens*, §§ 124 to 127.

The judgments rendered in both the above cases, so far as they affect the plaintiffs' alleged mechanics' lien, will be reversed, and both causes will be remanded for further proceedings.

All the Justices concurring.