F. G. HENTIG v. C. A. SPERRY, *et al.*

| 38 | 459 |
| 54 | 643 |

MECHANICS' LIEN — *Insufficient Statement.* A statement for a mechanics' lien should be verified by affidavit; and if neither the statement nor the affidavit is signed by the claimant nor by anyone for him, and it cannot be inferred from the statement or any papers attached thereto that it was verified by the claimant or by anyone for him, such statement is insufficient to establish a lien upon the premises described therein.

*Error from Shawnee District Court.*

THE opinion states the case.

*F. G. Hentig,* plaintiff in error, for himself.

*R. A. Friedrich,* and *J. P. Greer,* for defendant in error Whaley.

The opinion of the court was delivered by

HORTON, C. J.: In the fall of 1880, C. A. Sperry, one of the defendants, was the owner of a leasehold interest in lots 166 and 168 on Tyler street, Topeka, and, being desirous of building a dwelling house thereon, applied to one McVean, "trustee," for a loan of money for that purpose. The leasehold interest being considered insufficient security for the amount of money required, Hentig and wife, at the earnest solicitation of Sperry, executed a mortgage on real estate belonging to them to McVean, to secure the note of Sperry for the sum of seven hundred and fifty dollars. To indemnify and secure Hentig from having to pay the seven hundred and fifty dollars so loaned by McVean to Sperry, and to save Hentig harmless in every respect from the mortgage to McVean, Sperry and wife, on the 13th day of October, 1880, executed a mortgage on their leasehold interest, or estate in said lots 166 and 168 on Tyler street, to Hentig. This mortgage was dated October 1, 1880, and recorded October 14, 1880, at 11:21 A. M. At this time, Sperry was a law partner with Hentig, and doing business in Topeka. This sum of seven hundred and fifty dollars proved

to be insufficient to pay for the construction of the house, and there was left a balance due to the contractor, I. H. Whaley, of one hundred twenty-seven dollars and twenty-one cents, for which sum Sperry give Whaley his note; and within the time allowed by law, Whaley filed what is claimed to be a mechanics' lien against the property; and on August 9, 1881, suit was commenced by Whaley in the district court of Shawnee county to foreclose this lien. This action was tried on May 29, 1883, and judgment was rendered in favor of Whaley against Sperry for one hundred and forty dollars and ten cents; and the amount thereof adjudged to be a mechanics' lien upon the property in controversy. The judgment has not been satisfied and no sale of the property has been had thereon. After Sperry had defaulted in the payment of interest on the McVean loan, McVean brought his suit against Sperry and Hentig and wife in the circuit court of the United States for this district, to foreclose his mortgage. On October 9, 1883, he recovered judgment for the sum of eight hundred and thirteen dollars and sixty cents; and also obtained a decree for the sale of the mortgaged property. Subsequently, Hentig paid the McVean judgment, and on November 18, 1883, commenced this action to foreclose the mortgage executed to him by Sperry and wife on lots 166 and 168 on Tyler street. I. H. Whaley, the contractor and judgment creditor, was also made a party defendant. Before the trial, he departed this life, but the action was revived as against the administrator of his estate. On August 2, 1886, the court rendered judgment in favor of Hentig for one thousand and thirty-five dollars and fifty-five cents; and also his costs, taxed at one hundred and twenty dollars. It also rendered judgment in favor of the administrator of the estate of I. H. Whaley, deceased, for one hundred and seventy-three dollars and fourteen cents, and his costs, taxed at forty-eight dollars and eighty-five cents. The judgment in favor of the administrator was adjudged a lien upon the property, prior to that rendered in favor of Hentig. Of this complaint is made. The question, therefore, is whether the mortgage lien of Hentig is prior to the mechanics' lien of

I. H. Whaley, lately deceased. In the action of Whaley *v.* Sperry, to foreclose the alleged mechanics' lien, neither Hentig nor his wife was a party. Section 634 of the civil code provides: "In such action, all persons whose liens are filed as herein provided, and other incumbrancers, shall be made parties, and issues shall be made and trials had as in other cases." This provision of the statute was not complied with, and Hentig, being the owner of the mortgage upon the premises, and therefore having an interest therein, had the right in the foreclosure of his mortgage to contest the validity as well as the priority of Whaley's alleged lien. (Civil Code, § 636.) The statement filed by Whaley was not signed, nor was the affidavit signed. It does not appear from the statement, or the papers with it connected, that the claimant ever verified the same. The notary certified that the statement was subscribed and sworn to on the 23d day of March, 1881, but he does not state who subscribed the same, or swore to the same; and in fact, as before stated, the affidavit was not subscribed by the claimant, or any other person. If it had been shown upon the trial that the claimant had signed his name to the affidavit, the objection to the alleged lien would be insufficient. In *Deatherage v. Woods,* 37 Kas. 59, the statement was not signed. This was held unimportant; but in that case *the affidavit was signed;* and this rendered the statement and lien sufficient. The statute reads:

"Any person claiming a lien as aforesaid shall file in the office of the clerk of the district court of the county in which the land is situated, a statement setting forth the amount claimed and the items thereof as nearly as practicable, the name of the owner, the name of the contractor, the name of the claimant, and a description of the property subject to the lien, *verified by affidavit.*" (Civil Code, § 632.)

As the statute was not complied with in making and filing the alleged mechanics' lien, it cannot be said that the lien is prior to the mortgage lien of Hentig. As to Hentig it had no validity whatever.

The judgment of the district court will be reversed, and the cause remanded for a new trial.

VALENTINE, J.: Concurring.

JOHNSTON, J., having been of counsel, did not participate in the decision.