## THE CHICAGO LUMBER CO. v. L. F. OSBORN *et al.*

1. MECHANICS' LIEN, *Interest, Subject to—Owner.* A person in the possession of real estate under a deed conveying the right of occupancy, and covenanting for the conveyance of the absolute title, will be deemed an owner within the meaning of the mechanics'-lien laws, and may subject his interest in the property to a mechanics' lien.

2. PARTNERSHIP — *Validity of Statement.* Where the claimants are partners, and are designated in the statement filed for a lien by the

partnership name under which the business of the firm is conducted, the mention of the individual names of the partners is not essential to the validity of the statement.

3. LIEN, *Not Defeated—Signing and Verification.* The claimant was designated in the statement as the " Chicago Lumber Company," and the verification of the same was signed "Jos. M. Eck, manager, claimant." The bill of items which formed a part of the statement made by claimant designated Eck as manager. *Held,* That the signing and verification of the statement is not so defective as to defeat the lien.

## *Error from Wabaunsee District Court.*

THIS was an action to foreclose a mechanics' lien on real estate in Alma, Wabaunsee county.   The petition alleged substantially that Robert Pierce, Frank Colpetzer and M. T. Green were partners doing business under the firm-name of *The Chicago Lumber Company,* and that between the 25th day of May, 1885, and the 3d day of June, 1885, they furnished lumber and building material, under a contract with *L. F. Osborn,* to be used, and which actually was used, in the erection of improvements upon lot number 5, in block number 7, on Missouri street, in the city of Alma.   A note was given by Osborn on June 19, 1885, for the material, in which he promised to pay $125.08, forty-five days after date, with interest at the rate of 12 per cent. per annum after maturity, which note it is alleged is still due and unpaid.   It is alleged that L. F. Osborn was the owner of an estate and interest in the lot on which the improvements were made, and that his interest was "that of grantee of a deed of indenture granting and conveying to the said L. F. Osborn the right of occupancy and possession to the said land and premises, and also being in the nature of a covenant or bond to grant said L. F. Osborn a warranty deed to said land, and granting to said L. F. Osborn the equity of redemption to said land from any prior liens then existing;" and this instrument of conveyance was duly recorded in the office of the register of deeds.   The interests of the other defendants are stated, and are alleged to be inferior to that of the plaintiff.   It is further alleged that on the 30th day of September, 1885, and within four months

after the completion of the improvements, the plaintiff filed in the office of the clerk of the district court its statement to obtain a lien for the lumber and building material furnished as aforesaid against the land and premises above described. The following is a copy of said statement:

"Name of owner: L. F. Osborn.

"Name of contractor: Chicago Lumber Company.

"Name of claimant: Chicago Lumber Company.

"Said contractor and claimant claims a lien upon the following-described property, to wit: Lot five, in block seven, on Missouri street, in the city of Alma, county of Wabaunsee and state of Kansas, for that he did, under contract with said owner, furnish material for erecting, altering and repairing the building in and upon said property, and the appurtenances of said building, and erection and improvement thereon. The amount claimed for said materials, etc., and the items thereof, as nearly as practicable, are as follows, to wit:

[See exhibits "A" and "B" hereto attached and made a part hereof, amounting in the sum of $125.08.]

"All of said material furnished, and the same fully completed on the 3d day of June, 1885.

"STATE OF KANSAS, WABAUNSEE COUNTY, ss.—I do solemnly swear that the foregoing statement is true in every particular, and that the promissory note, a true copy of which is attached hereon, marked 'Exhibit A' was given and taken for the material used in the construction of said buildings and improvements, and that a true list of the items used therein is also attached hereon, marked 'Exhibit B.' So help me God.                           JOS. M. ECK, Manager, Claimant.

"Subscribed and sworn to before me, this 30th day of September, 1885.

THEO. S. SPIELMAN, Clerk Dist. Court."

(Seal Dist. Ct. Wabaunsee Co., Kansas.)

"Exhibit A" referred to was a copy of the promissory note, and "Exhibit B" was an itemized account or statement of the material sold to the defendant. The defendants other than the Osborns, demurred to the plaintiff's petition, upon the ground that it did not set forth facts sufficient to constitute a cause of action. At the June term, 1887, the court sustained the demurrer, and this ruling is complained of here.

*Malcolm Nicolson,* for plaintiff in error.

The opinion of the court was delivered by

JOHNSTON, J.: It seems to us that the petition was suffi-
cient, and that the demurrer thereto should have been over-
ruled. No argument or appearance has been made here in
behalf of the defendants, and we can only learn what the ob-
jections to the petition, or what the grounds for the court's
decision holding it insufficient, are, from the brief of plaintiff's
counsel. It thus appears that the validity of the statement
filed for a lien was the subject of doubt and controversy in
the court below. The objections seem to have been that the
statement did not sufficiently describe the owner of the prop-
erty, and incidentally that Osborn was not such an owner as
would subject the property to a lien; that it did not sufficiently
set forth the name of the contractor and claimant; that it was
not signed by the claimant; and that the verification was in-
sufficient.

The first objection is without force. The first clause of the
statement definitely names the owner, and further down in
the statement it is alleged that the contract for the material
was entered into between the claimant and said owner. This
is and has been held a sufficient compliance with the statute
in respect to setting out the name of the owner. (*Deatherage
v. Woods,* 37 Kas. 59.) That the defendant Osborn was an
owner within the meaning of the statute, and could subject
his interest in the property to a lien, there is no doubt. The
petition avers that he was in possession under a deed of in-
denture granting and conveying to him "the right of occupancy
and possession to the said land and premises, and also being
in the nature of a covenant or bond to grant said L. F. Os-
born a warranty deed to said land, and granting to said L. F.
Osborn the equitable redemption to said land from any prior
liens then existing." The statute does not admit of so narrow
an interpretation, that the term "owner" includes only the
holder of the fee. Indeed, this court has ruled that one hold-

ing a leasehold estate may be deemed to be the owner, and may create a lien thereon. (*Hathaway v. Davis*, 32 Kas. 693.) Osborn held an equitable interest, and one which was capable of sale upon execution, which is one of the tests to determine whether the interest may be charged with a mechanics' lien. The owner of the fee had granted him the possession of the property, and had covenanted to convey the absolute title, without any conditions to be performed by Osborn, so far as the petition shows. It is generally held that a party in possession under a contract of purchase, and who is to be invested with full title upon compliance with certain conditions, is regarded as an owner under the mechanics'-lien laws. (Phillips on Mechanics' Liens, § 69.)

The contractors and claimants were designated in the statement as the Chicago Lumber Company; and this we think is sufficiently explicit. They were partners, and the name employed was the partnership name, under which they carried on the lumber business and by which they were known. This effects the purpose of the statute, and the mention of the individual members composing the firm is not required. (Phillips on Mechanics' Liens, §§ 346, 348.)

The objection that the statement is insufficient because it was not signed by the claimant cannot be sustained, and is answered in the case of *Deatherage v. Woods*, supra.

The final objection is, that the verification of the statement is not sufficient. It is not verified by the claimants, or any member of the firm, but was sworn to by Jos. M. Eck, who signed the same in behalf of the claimants as manager. The statute does not prescribe by whom the verification shall be made, but it has been held that a verification by an agent satisfies the statutory requirement, and certainly the word "manager" denotes agency as clearly as if the term "agent" had been used. (*Delahay v. Goldie*, 17 Kas. 263.) The verification was signed "Jos. M. Eck, manager claimant." It would have been more certain and satisfactory if the preposition "of" or "for" had preceded the word "claimant," but no one could be misled by the omission. The claim was made

in behalf of the Chicago Lumber Company, and is presented and verified by Jos. M. Eck, who signs himself as manager. Attached to the statement and made a part thereof is the bill of items purchased by Osborn from the Chicago Lumber Company, and which is signed by Eck as manager. It is obvious that the word "of" or "for" was accidentally omitted; but that Eck was the manager for claimant is almost as clearly implied and well understood, when the whole instrument is taken together, as if the omission had not occurred.

These are all the objections to which our attention has been called; but none of them can be sustained, and we therefore hold the petition to be sufficient, and that the order sustaining the demurrer should be reversed.

All the Justices concurring.