No. 30,529.

O. F. Reeves and Wid Mitchener, doing business as Reeves & Mitchener, *Appellees* and *Cross Appellants*, v. The Kansas Coöperative Wheat Marketing Association, *Appellant* and *Cross Appellee* (Edgar Westenhaver, *Appellee*).

(15 P. 2d 446.)

Opinion filed November 5, 1932.

*Benjamin F. Hegler, A. V. Roberts, Roger P. Almond,* all of Wichita, and *O. O. Osborn,* of Stockton, for the appellant and cross appellee.

*D. A. Hindman,* of Stockton, for the appellees and cross appellants.

The opinion of the court was delivered by

Johnston, C. J.: This action was brought by the partnership of Reeves & Mitchener against The Kansas Coöperative Wheat Marketing Association, and Edgar Westenhaver, to recover the possession of one thousand bushels of wheat in which they claimed a special ownership by virtue of a thresher's lien.

On a trial without a jury, the court first adjudged that the action was one in replevin, and that when it was brought The Kansas Cooperative Wheat Marketing Association was not in possession of the wheat replevined, and plaintiffs could not recover against it, but judgment was given against Westenhaver for $441.84. Afterwards, on a motion of plaintiffs for a new trial, the court ruled that the petition stated a cause of action in trover as well as replevin, and that there was no necessity of granting a new trial, but upon the evidence which had been introduced the court found and adjudged that plaintiffs were entitled to recover judgment against the marketing association, and did render judgment for $280.20 with interest from the date of the judgment. The marketing association appeals.

The plaintiffs were operating a threshing machine and threshed wheat belonging to the defendant, Westenhaver, who was a member

of the Kansas Coöperative Wheat Marketing Association, and the wheat threshed was delivered to the association. The court found that the amount of wheat threshed was four hundred and eighty-four bushels and twenty pounds, grown on a certain part of a quarter section that is described; that the reasonable market value of the wheat at the time was sixty cents per bushel; that Westenhaver is a member of the defendant association, and in pursuance of his contract with the association he delivered all of the wheat to it immediately after it was threshed. It was further found that plaintiffs had filed what purported to be a thresher's lien, which O. F. Reeves had signed and acknowledged before a notary public, who affixed his jurat, but it did not recite that Reeves had made oath to the instrument.

There was a further finding that the wheat was disposed of by the association in good faith in the ordinary course of business without any actual knowledge of plaintiff's claim and was not disposed of for the purpose of preventing plaintiffs from replevying the wheat.

The contention of the association is that the paper filed with the register of deeds does not constitute a lien on the wheat, as the paper filed for a lien is not verified as required by the statute. (R. S. 58-204.) The notary public's jurat attached recites that O. F. Reeves appeared before him, was personally known to him, and that he personally acknowledged the instrument to be his own free will and act.

Between the parties there is considerable controversy and discussion as to whether the action brought by plaintiff is one in replevin or is broad enough in the allegations of the petition to constitute a cause of action for conversion, but, so far as the association is concerned, the vital and determining question is whether the plaintiff's statement on which their right of action against the association is based is valid. The statement filed for record in the office of the register of deeds recites:

"State of Kansas, County of Rooks, ss.

"The undersigned is a co-partnership composed of O. F. Reeves and Wid Mitchener, and is the owner of a combined harvesting and threshing machine commonly called a 'combine.' In the season of 1930, and ending on the 15th day of July, 1930, the undersigned under contract harvested and threshed 150 acres of wheat for one Edgar Westenhaver, and at the agreed price of $2 per acre for the cutting and eight cents per bushel for the threshing. That 150 acres were cut and the same was threshed, and the number of bushels threshed

was 1500. That the lands on which said grain was cut and threshed were the lands of the Rooks County State Bank, V. Burton, cashier of said bank, and one Frank U. Rector, all of said lands being in township six, range sixteen, west 6th P. M., in Rooks county, Kansas.

"That the amount now due and unpaid for the harvesting and threshing above mentioned is $420, and the undersigned claims a lien upon all of the wheat so cut and threshed as above set out to secure the payment of said sum of $420.                    THE SERVICE GARAGE,

MITCHENER & REEVES, *Owners.*

By O. F. REEVES, *One of the Firm.*"

"Be it remembered that upon this 23d day of July, 1930, personally appeared before me, the undersigned, a notary public in and for Rooks county, Kansas, O. F. Reeves, one of the above firm, and who is personally known to be the person who signed the above instrument, and said person acknowledged the same to be his own free will and act.

"In witness whereof I have hereunto set my hand and affixed the seal of my office this 23d day of July, 1930.

"(Seal)                    F. E. YOUNG, *Notary Public.*

"Commission expires July 24, 1933."

The statement was promptly filed and recorded in the office of the register of deeds. It will be observed that the statement contains no verification, but only an ordinary acknowledgment of the execution of the instrument and a certification that Reeves, who signed the statement, was personally known to the notary to be the person who did sign it and that the signer acknowledged the same to have been his own free will and act. The statute creating a thresher's lien provides that, "Any person claiming a lien as aforesaid, shall file in the office of the register of deeds of the county in which said threshing or harvesting is done, a statement in writing, duly verified by him," stating in effect the name of the owners of the grain threshed, the kind of grain, the number of bushels threshed, description of the land on which the crop was raised, the contract price of the threshing and the amount due, including the name of the claimant. Then follows a requirement that the statement shall be filed and entered by the register of deeds in the books of the office for which a fee of twenty-five cents shall be collected, that the statement must be filed within fifteen days after the threshing is done, and if the work has been interrupted for more than five days the statement may be filed within fifteen days after the beginning of the interruption. The thresher's lien is a creation of statute and is to be perfected by taking the steps which the statute prescribes

shall be taken. The right to acquire a thresher's lien is definitely given if the prescribed steps are taken by the thresher, but an enforceable lien can only be obtained by a substantial compliance with the statutory requirements. As has been seen, a number of requirements are prescribed, and one of the important ones is that a verified statement of the things essential to a lien shall be filed for record. This verified statement placed on record is in effect a notice to the parties having an interest in the grain, such as purchasers and other claimants, as well as the public. Primarily the act providing for the lien is for the benefit of the threshers. The steps prescribed are also for the protection of purchasers and others dealing in the grain on which the lien is sought. Anyone having an interest, or who is about to acquire one, can go to the office of the register of deeds and ascertain whether the record discloses the existence of a lien on the grain they propose to purchase or in which they may seek an interest. If any paper or claim is filed on the grain they can ascertain whether it contains the essential elements to create a valid lien. If that which was filed does not follow the statutory requirements to constitute notice to the world it will not amount to a valid lien, and a third party may safely assume that no lien exists and he may purchase the grain or otherwise deal with the owner respecting it as if no attempt had been made to secure a lien.

The verification prescribed in the statute means that the statement filed shall be sworn to by the claimant before an officer having authority by law to administer and certify oaths and affirmations. It was evidently intended to require truth and accuracy in the statement, but, whatever the purpose may have been, it is an essential element of a valid lien. Plaintiff offered to show and did testify that when the acknowledgment was made he was sworn to the statement, but the statement filed to constitute a lien must be complete in itself and must show on its face all the matters which the statute requires to be shown to create and fix the lien. The statute is mandatory, and the lack of a verification in the statement filed, and which is to serve as a notice to the public, necessarily defeats the lien. In claims for mechanic's liens there are some similar statutory requirements, and authorities on those cases have some application. It has been held that references and evidence outside of the lien statement are not sufficient to support a lien.

In *Blattner v. Wadleigh*, 48 Kan. 290, 29 Pac. 165, it was held that an omission from the statement of a statutory requirement could not be supplied by reference to other official records. There the omission was of the name of an owner, and it was contended that the records in other county offices would sufficiently show ownership. It was said:

"A reference to the records in the office of the clerk of the district court, or other county officers, showing that Imbody was the owner, is not sufficient, as contended by counsel for defendant in error. These do not create the lien; it is created by the statement filed, containing all the necessary allegations of the statute; and this statement cannot be reinforced by outside references; it must be complete within itself, to have effect as a statutory lien." (p. 295.)

See, also, *Dorman v. Crozier*, 14 Kan. 224; *Conroy v. Perry*, 26 Kan. 472; *Newman v. Brown & Co.*, 27 Kan. 117; *Martin v. Burns*, 54 Kan. 641, 39 Pac. 177; *McConnell v. Meridian Sash & Blind Factory*, 112 Ala. 582; *Cream City Furniture Co. v. Squier*, 21 N. Y. Supp. 972; *Canfield Lbr. Co. v. Heinbaugh*, 184 Ia. 149; *Clutch Co. v. Steel Co.*, 74 W. Va. 353.

The conclusion must be that the statement relied on for a lien is invalid. This conclusion renders it unnecessary to consider other asserted defects in the statement, including the faulty description of the land on which the wheat was raised. Neither is it necessary to consider whether a cause of action for conversion was sufficiently set forth in the pleadings.

The judgment against the owner, Westenhaver, not contested, will, of course, stand, but the judgment against The Kansas Co-operative Wheat Marketing Association is reversed and the cause remanded with direction to enter judgment in favor of that association.