No. 43,462 and No. 43,487

DON CONROY CONTRACTOR, INC., *Appellee*, v. DONALD O. JENSEN, *Appellant*, and WILLIAM TAYLOR, Defendant.

(387 P. 2d 187)

Opinion filed December 7, 1963.

*William L. Rees,* of Topeka, argued the cause, and *Hall Smith* and *Wright W. Crummett,* both of Topeka, were with him on the briefs for the appellant.

*Craig Irwin,* of Topeka, argued the cause, and *Walter G. Stumbo, Robert R. Irwin, Fred S. Jackson,* and *Mary Schowengerdt,* all of Topeka, were with him on the briefs for the appellee.

The opinion of the court was delivered by

HATCHER, C.: This is an appeal from a judgment foreclosing a mechanic's lien.

The record discloses no serious factual dispute.

Defendant Jensen was the owner of a building site in Shawnee County. In January, 1961, he entered into a brief written contract with William Taylor for the construction of a new home on the site. Taylor was to provide various materials and services including the construction of a foundation and other concrete work. Plaintiff, as a subcontractor, orally agreed with Taylor to furnish the labor and materials and pour the concrete. He was to be paid on a linear foot basis. The agreement contained no specifications or instructions as to how the cement work was to be done.

In February, plaintiff poured the footings and foundation walls. On March 9, 1961, it completed pouring the flatwork. Plaintiff removed all its forms within 3 or 4 days. On March 27, 1961, it sent a man to the premises to check the window openings, do patch work and to break off "spacer-ties," pieces of steel strap that ex-

tend through the forms. The man found no work to be done on the windows and no patch work to be done. He did break off some spacer-ties.

Jensen paid Taylor the balance due April 27, 1962. At that time Taylor informed the defendant that he had not paid the plaintiff.

Taylor did not pay plaintiff for the work and on May 24, 1961, it filed a mechanic's lien statement. Plaintiff learned in April, 1961, that Jensen had paid Taylor but did not contact Jensen concerning payment because Conroy, plaintiff's president, was trying to save Taylor embarrassment. Plaintiff had a notice to Jensen prepared and signed at the time it filed the lien statement but did not mail the notice to him until July 9, 1961. Defendant Jensen received it on July 11, 1961. He did not learn until that date that Taylor had not paid plaintiff and that the mechanic's lien had been filed.

On May 4, 1962, the plaintiff filed an action for judgment against Jensen and Taylor and to foreclose the mechanic's lien. The petition demanded judgment in the amount of $2,690.65, the amount of labor and material furnished, plus interest from April 1, 1961, and for an order directing the foreclosure of the lien and the sale of the property to satisfy the judgment.

The defendant Jensen answered alleging that the lien was not filed within the time required by statute and that he received no notice that plaintiff had not been paid and received no notice that a lien had been filed until July 11, 1961. He further alleged that he had been prejudiced by plaintiff's action in withholding notice of filing the lien, as he was prevented from taking timely action to reach the funds and assets of Taylor, the general contractor. The record does not show any answer by Taylor.

The lower court rendered judgment in conformity with the demand in the petition against Jensen and judgment in personam against Taylor.

The defendant, Jensen, has appealed.

The appellant contends that the appellee did not act with reasonable diligence in serving notice of the filing of the mechanic's lien on him.

We are forced to agree. The statute relating to mechanic's liens provides for the perfection of a lien by filing a lien statement with the designated information within 60 days after the date on which material was last furnished or labor performed, ". . . and by

serving a notice in writing of the filing of such a lien upon the owner of the land: . . ." (G. S. 1961 Supp., 60-1403.)

This court has announced the rule that since the statute fixes no time in which the notice must be served, a reasonable time is permitted. What constitutes a reasonable time is a matter to be determined by the trier of the facts under the circumstances in each particular case.

In *Lumber Co. v. McCurley*, 84 Kan. 751, 754, 115 Pac. 590, it is stated:

"The statute fixes no time within which notice shall be served. Therefore a reasonable time is contemplated. What time is a reasonable time in a given case must depend upon all the circumstances. In the case of *Deatherage v. Henderson*, 43 Kan. 684, the opinion reads:

" 'Statutes relating to liens for mechanics and materialmen should be liberally construed so as to protect, as far as possible, within the terms of the statute, the rights and equities of such persons. . . . A more reasonable construction of the statute would be, to give the subcontractor a reasonable time, after filing his lien, to furnish a copy thereof to the owner or agent of the premises. What would be a reasonable time must be determined by the court or jury trying the case under the attending circumstances. But the subcontractor *must be diligent in serving his notice after filing his lien.*' (p. 690.)"

In *Miller v. Bankers Mortgage Co.*, 130 Kan. 543, 547, 287 Pac. 618, this court again considered the matter and summarized the facts in the two earlier cases which were the basis for the decisions:

". . . This objection applies only to one of the three liens here involved, viz., that of the plaintiff, which was filed March 12, and the written notice was served April 21, after a delay of forty days. Two Kansas cases are cited by both parties as holding the time intervening should be reasonable considering all the facts and circumstances. In the earlier one, *Deatherage v. Henderson*, 43 Kan. 684, 23 Pac. 1052, the time intervening was only eleven days, and the court said:

" 'What would be a reasonable time for the service of the notice must be determined by the court or jury trying the case, considering all of the attending circumstances.' (Syl. ¶ 3.)

"In the later case, *Lumber Co. v. McCurley*, 84 Kan. 751, 115 Pac. 590, the time intervening was 137 days and the court took into consideration the fact that the defendants knew and understood about the claims not having been paid; they had the contractor check them over to see if they were correct; they had conversations with the claimants, talked about settlement, and were in the same condition financially when notices were served as when the liens were filed. The court said:

" 'It clearly appeared that the school district suffered no injury whatever from the failure to receive earlier formal notice. Under these circumstances it cannot be said that the trial court erred in holding that the school district

had no reason to complain, and that the notices were served in time.' (p. 755.)

"The facts in this case were very similar except as appellant calls our attention to a difference as to the time when the conversations were had. In the case just cited some of the conversations were after the liens were filed, while in the case at bar all the conversations were before the filing of the lien, the last one immediately before the lien was filed, at which time the company was informed that plaintiff claimed a lien and asked the mortgage company not to pay any money to the contractor, and nothing more was paid. We see no reason why the ruling of the trial court should not be sustained, in following the two earlier decisions, when the mortgage company was fully informed orally of the situation and it suffered no injury whatever from the failure to receive an earlier formal statutory notice."

The factual situation in the cases just mentioned are much different from the facts and circumstances in the present case. In those cases, the owner had notice that the mechanic's lien had been filed, or was to be filed, and the parties were negotiating for a settlement of the controversies.

In the present case the landowner had no notice that the lien had been filed nor that the subcontractor had not been paid after Taylor was paid in full. The subcontractor intentionally concealed such facts from the owner. Conroy, the president of the appellee, testified that "as far as I know" the owner did not have actual notice that the lien had been filed until July 11, 1961. He further testified:

". . . I was trying to save Mr. Taylor embarrassment because I knew that Mr. Jensen had paid Mr. Taylor, and I thought maybe Mr. Taylor could pay me and Mr. Jensen wouldn't have to be bothered with it."

The subcontractor was concealing from the owner the fact that he had filed the lien so as not to embarrass the general contractor. This is far from a showing of reasonable diligence in notifying the owner. Although it had the notice to the owner prepared and signed when the lien was filed May 24, 1961, it did not mail the notice until July 9, 1961.

It would appear that the able trial judge erroneously concluded that the written notice was served on the owner within a reasonable time because he erroneously found that, ". . . the evidence establishes a conversation was had between plaintiff's employees and Mr. Jensen in regard to the filing of the mechanic's lien." The evidence is all to the contrary. The conversations had by appellee's employee, Conroy, the president, were with Taylor, the general contractor, not Jensen, the owner.

In *Clark Lumber Co. v. Passig*, 184 Kan. 667, 673, 339 P. 2d 280, it was stated:

"Equitable considerations do not ordinarily give rise to a mechanic's lien. . . . Being created by statute, a mechanic's lien can only arise under the circumstances and in the manner prescribed by the statute. It has been said a lien claimant must secure a lien under the statute or not at all. (*Doane v. Bever*, 63 Kan. 458, 65 Pac. 693.) . . ."

In *Jones v. Lustig*, 185 Kan. 208, 341 P. 2d 1018, it was held:

"There is no privity of contract between a subcontractor and an owner, and a subcontractor can only obtain a lien by compliance with statutory provisions. It is not enough that he has furnished the material and filed his lien, but service of notice upon the owner is one of the necessary steps. Without such notice he obtains nothing. . . ." (Syl. 1.)

We are forced to conclude that withholding notice from the owner by a subcontractor, of the filing of a mechanic's lien, for a period of 47 days in order not to embarrass the general contractor, precludes a finding of diligent service of notice within a reasonable time.

What has been said renders unnecessary a consideration of the further contention that the mechanic's lien was not filed in time.

The judgment is reversed with instructions to render judgment for the defendant Jensen.

APPROVED BY THE COURT.

JACKSON, J., not participating.