No. 44,011

EKSTROM UNITED SUPPLY Co., a Corporation, *Appellant*, v. ASH GROVE LIME & PORTLAND CEMENT COMPANY, a Corporation, *Appellee.*

(400 P. 2d 707)

Opinion filed April 10, 1965.

*Kenneth H. Foust,* of Iola, argued the cause, and *John O. Foust,* of Iola, was with him on the briefs for the appellant.

*Richard L. Ashley,* of Chanute, argued the cause, and was on the brief for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This was an action in which a subcontractor sought to foreclose a mechanic's lien for material supplied in the alteration and repair of a business building. The facts are not in dispute.

Defendant (appellee) Ash Grove Lime & Portland Cement Company, a Corporation, was the owner of the property on which the improvements were made. Jack Durham and John Jordan were defendant contractors. Plaintiff (appellant) Ekstrom United Supply Co., a Corporation, was the subcontractor which furnished materials.

The plaintiff alleged it furnished material in a specified amount for the construction and alterations and repair of a men's shower room in the defendant's plant building located on the described property and that it filed its mechanic's lien statement with the clerk of the district court within the statutory time.

It was admitted that the lien statement was filed within the statutory time; the description of the property upon which the lien was claimed was properly set out in the lien statement; the account was properly attached; and the articles purchased were delivered upon the premises of the defendant and used in the improvement of the building.

Plaintiff's mechanic's lien statement filed with the clerk was signed:

"Ekstrom United Supply Company

"By        s/   W. L. Johnston
                                  "Claimant"

The verification attached to the lien statement read as follows:

"State of Kansas, Allen County, ss:

"I do solemnly swear that I am the claimant above named and that the foregoing statement is true in every particular.

."          s/   W. L. Johnston

"Subscribed and sworn to before me this 31st day of July, 1962.

"          s/   Berenice Dobie
                              "Notary Public

"Com. Exp: 5-3-65"

The case was submitted to the trial court upon stipulated facts from which it found that the lien statement had not been verified by claimant Ekstrom United Supply Co. in accordance with the statute and entered judgment for the defendant, from which plaintiff appeals.

The sole question for determination on this appeal is whether or not the mechanic's lien statement was properly verified.

Our mechanic's lien statute, G. S. 1961 Supp., 60-1403, provides in pertinent part that any person who shall furnish any material under a subcontract with the contractor may obtain a lien upon the land for the amount due him for such material by filing with the clerk of the district court of the county in which the land is situated, within sixty days after the date upon which material was last furnished under such subcontract, a statement verified by affidavits setting forth the amount due from the contractor to the claimant, and the items thereof as nearly as practicable, the name of the owner, the name of the contractor, the name of the claimant, a description of the property upon which the lien is claimed, and by serving notice as provided therein.

It is a settled rule in this state that equitable considerations do not ordinarily give rise to a mechanic's lien. Being created by statute, a mechanic's lien can only arise under the circumstances and in the manner prescribed by the statute. A lien claimant must secure a lien under the statute or not at all. (*Don Conroy Contractor, Inc. v. Jensen,* 192 Kan. 300, 304, 387 P. 2d 187.) The validity of a lien created solely by statute depends upon the terms of the statute, and parties may not by estoppel enact or enlarge a statute. (*Clark Lumber Co. v. Passig,* 184 Kan. 667, 673, 339 P.

2d 280.) There is no privity of contract between the subcontractor and the owner, and the former can only obtain a lien by compliance with the statutory provisions. It is not enough that he has furnished the material and filed a lien. The verification prescribed in the statute is one of the necessary steps. Without such verification the lien claimant obtains nothing. The right to claim and enforce his lien being statutory, compliance with the statute is a prerequisite. (*Jones v. Lustig,* 185 Kan. 208, 210, 341 P. 2d 1018.)

In *Reeves v. Kansas Coöp. Wheat Mk't. Ass'n.,* 136 Kan. 306, 309, 15 P. 2d 446, this court said:

"The verification prescribed in the statute means that the statement filed shall be sworn to by the *claimant* before an officer having authority by law to administer and certify oaths and affirmations. It was evidently intended to require truth and accuracy in the statement, but, whatever the purpose may have been, it is an essential element of a valid lien. Plaintiff offered to show and did testify that when the acknowledgment was made he was sworn to the statement, but the statement filed to constitute a lien must be complete in itself and must show on its face all the matters which the statute requires to be shown to create and fix the lien. The statute is mandatory, and the lack of a verification in the statement filed, and which is to serve as a notice to the public, necessarily defeats the lien. In claims for mechanic's liens there are some similar statutory requirements, and authorities on those cases have some application. It has been held that references and evidence outside of the lien statement are not sufficient to support a lien. . . ." [Emphasis supplied.]

In the instant case the lien statement was executed and signed by plaintiff Ekstrom United Supply Co. as claimant by W. L. Johnston. So much would appear to be regular and unimpeachable. The verifying affidavit, however, signed by W. L. Johnston in which he swears he is the claimant, says nothing about his being an agent and making it in behalf of the plaintiff or anyone else. The lien statetment filed and signed by the plaintiff alleging that it furnished the material to the defendant was not verified by plaintiff or W. L. Johnston as its agent. Failure of the plaintiff to verify its lien statement in accordance with the mandatory provisions of the statute is fatal to its right to recover in the instant action, and the judgment of the trial court must be affirmed.

FONTRON, J., dissenting: I find myself wholly unable to agree with the majority opinion which adopts a technical viewpoint unsupported, in my opinion, by our prior decisions.

The sole point to be determined on this appeal is, as stated by

Justice Wertz in the court's opinion, whether the plaintiff's mechanic's lien statement is properly verified. The verification reads:

"STATE OF KANSAS, ALLEN COUNTY, ss:

I do solemnly swear that I am the claimant above named and that the foregoing statement is true in every particular.

W. L. Johnston

"Subscribed and sworn to before me this 31st day of July, 1962.

Com. Exp: 5-3-65

(Seal)

Berenice Dobie

Notary Public"

In its memorandum decision directing summary judgment in the defendant's favor, the trial court stated, "The conclusion is unavoidable that the lien statement was not verified by claimant Ekstrom United Supply Company." This conclusion I believe to be untenable. The statute under which the plaintiff claims its lien, G. S. 1961 Supp., 60-1403, provides only that the lien statement is to be "'verified by affidavits." Neither the form of the vertification nor the contents of the affidavits are specified. Nor does the statute direct by whom the verification is to be executed.

It is obvious, of course, that a corporate lien claimant, such as the plaintiff in this case, cannot, as a corporation either sign a lien statement or verify one. Both statement and verification must be signed and executed by some individual acting for and on behalf of the corporation.

In the early case of *Delahay v. Goldie*, 17 Kan. 263, this court held that a mechanic's lien statement may be verified by an agent of a claimant and this much, I assume, would be conceded by the defendant. However, it is contended that W. L. Johnston, in signing the verification, acted not as the agent of Ekstrom, but as a claimant on his own behalf. This contention overlooks two salient facts: First, that in the lien statement itself, Ekstrom United Supply Company is named as the claimant, and second, that the lien statement is executed in the name of Ekstrom by Johnston, as shown by the attached signature, as follows:

"WITNESS the hand of said claimant this 31st day of July, 1962.

Ekstrom United Supply Company

By W. L. Johnston

Claimant"

The lien statement must be considered in its entirety, both body and verification together. Its validity must be ascertained from its four corners. When the instrument is so construed, it is obvious that Johnston is not the claimant himself, but acts simply as an agent,

and that his verification is executed in a representative capacity only.

I find no Kansas cases directly in point, but a few of our early decisions are illuminating and persuasive. In *Deatherage v. Woods*, 37 Kan. 59, 14 Pac. 474, the sufficiency of a verification was questioned, and in holding the lien to be properly verified, the court said:

"It is claimed, however, that the statement is not properly verified by affidavit. The verification may be a little irregular, or a little informal, and yet we think it is sufficient. It was verified by William I. Ewart. He is one of the plaintiffs in this action, and is one of the partners who furnished the building materials for which this action is brought, and for which this lien is claimed. His name indicates who he is, and the evidence shows it. The verification itself shows that he verified the statement 'for Deatherage & Ewart, claimant.' This we think is sufficient. . . ." (pp. 62, 63.)

A somewhat similar situation was considered in *Lumber Co. v. Osborn*, 40 Kan. 168, 19 Pac. 656, in which the court said:

"The final objection is, that the verification of the statement is not sufficient. It is not verified by the claimants, or any member of the firm, but was sworn to by Jos. M. Eck, who signed the same in behalf of the claimants as manager. The statute does not prescribe by whom the verification shall be made, but it has been held that a verification by an agent satisfies the statutory requirement, and certainly the word 'manager' denotes agency as clearly as if the term 'agent' had been used. (*Delahay v. Goldie*, 17 Kan. 263.) The verification was signed 'Jos. M. Eck, manager claimant.' It would have been more certain and satisfactory if the preposition 'of' or 'for' had preceded the word 'claimant,' but no one could be misled by the omission. The claim was made in behalf of the Chicago Lumber Company, and is presented and verified by Jos. M. Eck, who signs himself as manager. Attached to the statement and made a part thereof is the bill of items purchased by Osborn from the Chicago Lumber Company, and which is signed by Eck as manager. It is obvious that the word 'of' or 'for' was accidentally omitted; but that Eck was the manager for claimant is almost as clearly implied and well understood, when the whole instrument is taken together, as if the omission had not occurred." (pp. 172, 173.)

I believe that in the instant case the implication of Johnston's agency is clear and may not be misunderstood.

Of special significance is the language found in *Hentig v. Sperry*, 38 Kan. 459, 17 Pac. 42, in which the sufficiency of a mechanic's lien was involved. In this case neither the statement nor the verification was signed and, in holding the statement insufficient to establish a lien, the court stated:

". . . The statement filed by Whaley was not signed, nor was the affidavit signed. It does not appear from the statement, or the papers with it connected, that the claimant ever verified the same. The notary certified that the statement was subscribed and sworn to on the 23d day of March, 1881,

but he does not state who subscribed the same, or swore to the same; and in fact, as before stated, the affidavit was not subscribed by the claimant, or any other person. *If it had been shown upon the trial that the claimant had signed his name to the affidavit, the objection to the alleged lien would be insufficient.* . . ." (p. 461.) (Emphasis supplied.)

In the present case, plaintiff's second amended petition alleges that Johnston was at all times the agent of plaintiff, and so signed the statement. If such were to be shown upon trial of this action, surely that would be sufficient, under the language of the above case, to remedy whatever irregularity may have inhered in the verification.

None of the cases cited in the majority opinion appear to be squarely in point. Not one of them presents a factual situation comparable to that before us. In *Reeves v. Kansas Coöp. Wheat Mk't. Ass'n.*, 136 Kan. 306, 15 P. 2d 446, on which the court seems chiefly to rely, the statement was not verified at all: it was acknowledged. The distinction between a verification and an acknowledgment is too well recognized and understood to require extensive comment. It is enough to say that the two are not equivalents; an acknowledgment serves a quite different purpose than does a verification.

The rule in this state has long been that in the enforcement of mechanics' liens, a liberal construction of the law must be applied. In *Nixon v. Cydon Lodge*, 56 Kan. 298, 43 Pac. 236, it was said: ". . . The law is entitled to a liberal interpretation in its application to all persons . . . who are within the protection of the statute . . ." (p. 304.) (See also *Bassett, Trustee, v. Carpenter*, 114 Kan. 828, 220 Pac. 1028; *Bridgeport Machine Co. v. McKnab*, 136 Kan. 781, 18 P. 2d 186.)

When judged in the light of the foregoing rule, the plaintiff's lien statement, considered from its four corners, appears to be adequate. In my opinion, this cause should be remanded for trial on its merits and I, therefore, respectfully dissent.

ROBB, J., joins in the foregoing dissenting opinion.