No. 20,250.

THE CAPITAL IRON WORKS COMPANY, *Appellee*, v. THE MARYLAND CASUALTY COMPANY, *Appellant*.

SYLLABUS BY THE COURT.

1. CONTRACTOR'S BOND—*Limitation of Action—Construction of Statutes.* The time for commencing an action under section 1 of chapter 183 of the Laws of 1909 is not fixed by section 6257 of the General Statutes of 1909 (Civ. Code, 1909, § 662).

2. CONTRACTOR'S BOND—*Cost of "Extras" Included in Indemnity Bond.* An action to recover the cost of "extras" can be maintained on a building contractor's bond given to secure the faithful performance of the contract, or given to secure the payment of all claims which might become the basis of liens, and to comply with the requirements of section 5577 of the General Statutes of 1905, where the contract provides for alterations in the plans and specifications and for increasing or decreasing the cost of construction in accordance with the changes made.

Appeal from Shawnee district court, division No. 1; ALSTON W. DANA, judge. Opinion filed November 11, 1916. Affirmed.

*L. S. Ferry, T. F. Doran, J. S. Dean*, and *M. F. Cosgrove*, all of Topeka, for the appellant.

*T. F. Garver*, and *R. D. Garver*, both of Topeka, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: · The defendant appeals from a judgment against it on a surety bond. J. B. Betts contracted with the board of regents of the State University to erect a hospital building at Rosedale. The contract contained this provision:

"Said builder shall, before entering upon the work, execute to the owner two bonds in form and with sureties satisfactory to the owner; one bond to secure the faithful performance of this contract, and the other conditioned for the payment of all claims which might become the basis of liens, and to comply with the requirements of paragraph 5577, General Statutes of Kansas, 1905; each of which bonds shall be in amount equal to the total consideration named in the contract."

Two separate bonds, exactly alike in all particulars, were executed, each in the sum of $36,247. Each contained this provision:

"Now, therefore, if the said J. B. Betts shall well and faithfully perform said contract on his part in all particulars, and shall pay all indebtedness incurred for labor and material furnished and used in and about the said contract work, or which might become the basis of a lien, then this obligation shall be null and void; otherwise to be in full force and effect."

One bond was filed with the clerk of the district court of Douglas county and the other was retained by the board of regents. This action was brought to recover for material furnished by the plaintiff to J. B. Betts and used in the building. The defendant filed a demurrer to the petition on the ground that it did not state facts sufficient to constitute a cause of action. The same question was raised by objection to the introduction of evidence, by demurrer to the evidence, by objection to the rendition of judgment and by motion for a new trial. The defendant argues that the action was barred by section 6257 of the General Statutes of 1909 (Civ. Code, 1909. § 662).

1. Was this action barred by any statute of limitations? The contract required J. B. Betts to give a bond under section 5577 of the General Statutes of 1905. That section is section 13 of chapter 168 of the Laws of 1889, and appears in the General Statutes of 1901 as section 5129, which was amended by section 1 of chapter 183 of the Laws of 1909. This last statute is found as a section without number between section

6255 and 6256 of the General Statutes of 1909 (Civ. Code, 1909, §§ 660, 661), and, in part, reads:

"The contractor or owner mentioned in section 1 of this act may execute a bond to the state of Kansas for the use of all persons in whose favor liens might accrue by virtue of this act, conditioned for the payment of all claims which might be the basis of liens; which bond shall be in a sum not less than the contract price and signed by a surety company authorized to do business in Kansas. . . . Such bond shall be subject to the approval of the clerk of the district court in the county in which the property is situated and shall be filed in the office of said clerk. When such bond is so approved and filed no lien shall attach under this act. . . . Suits may be brought on said bonds by any person interested."

The defendant contends that section 5577 of the General Statutes of 1905 was repealed by chapter 183 of the Laws of 1909, and has ceased to exist. Section 6255 of the General Statutes of 1909 is a part of the new code of civil procedure, and is a continuation of section 5129 of the General Statutes of 1901 and of section 5577 of the General Statutes of 1905. Section 6255 of the General Statutes of 1909 and section 1 of chapter 183 of the Laws of 1909 provide for the same kind of a bond to be given for the same purposes. The principal difference between the two sections concerns the sureties who sign the bond, and, under the statutory rule of construction (Gen. Stat. 1909, § 9037, subdiv. 1), each section continues the provisions of section 5129 of the General Statutes of 1901 and of section 5577 of the General Statutes of 1905.

Two other sections of the General Statutes of 1909, 6256 and 6257, must be examined. Section 6256 reads:

"That whenever any public officer shall, under the laws of the state, enter into contract in any sum exceeding one hundred dollars, with any person or persons for the purpose of making any public improvements, or constructing any public building or making repairs on the same, such officer shall take from the party contracted with a bond with good and sufficient sureties to the state of Kansas, in a sum not less than the sum total in the contract, conditioned that such contractor or contractors shall pay all indebtedness incurred for labor or material furnished in the construction of said public building or in making said public improvements."

Section 6257 provides "that no action shall be brought on said bond [the bond prescribed in section 6256] after six months from the completion of said public improvements or public buildings." Neither section 1 of chapter 183 of the

Laws of 1909 nor section 6255 of the General Statutes of 1909, prescribes any time within which an action must be commenced on a bond therein provided for.

The repealing clause of chapter 182 of the Laws of 1909, "An Act concerning the code of civil procedure," reads:

"Chapter 80 of the General Statutes of 1901, entitled 'An act to establish a code of civil procedure,' and all acts amendatory thereof and supplemental thereto, are hereby repealed, save and except such as are or may be passed at the session of 1909." (Laws 1909, ch. 182, § 755.)

Chapter 183 of the Laws of 1909 is in full force and effect and governs the bond prescribed in the contract and filed with the clerk of the district court.

Although section 5577 of the General Statutes of 1905 had been repealed and its place taken by section 1 of chapter 183 of the Laws of 1909, we can not assume or say that the board of regents made a mistake in referring to section 5577 with sections 5578 and 5579 immediately following and on the same page.

The defendant argues that this bond was given under 6256 of the General Statutes of 1909, which, with slight verbal changes, is the same statute as section 5578 of the General Statutes of 1905. It does not appear that a bond was not given under this statutory provision. It was not necessary that the contract provide that such a bond should be given. The law imposed the duty on the board of regents to take that bond from J. B. Betts.

There was nothing in the law to prohibit the board of regents requiring a bond in addition to any prescribed by statute. An action on such additional bond would not be barred by the statute of limitations until five years had elapsed after the cause of action had accrued. Even if it be granted that the bond filed with the clerk of the district court was given under section 6256 of the General Statutes of 1909, the terms and conditions of the bond retained by the board of regents might be such as the parties thereto saw fit to make. Compliance with the terms and conditions of the bond filed with the clerk of the district court would not necessarily be a compliance with the terms and conditions of the bond retained by the board of regents.

Hill v. Republic County.

Whether this action was brought on the bond provided for by section 5577 of the General Statutes of 1905 (section 1 of chapter 183 of the Laws of 1909) or on another and additional bond required by the board of regents, and not prescribed by any statute, the action was not barred by any statute of limitations, and it follows that the petition stated a cause of action.

2. On the trial the plaintiff introduced evidence to prove that it had furnished "extras," articles not called for by the contract. These were required and used in the construction of the building to carry out changes made in the plans after the contract had been signed and the bonds had been given. To this evidence the defendant objected. We have before us a copy of the contract between J. B. Betts and the board of regents. That contract makes provision for alterations in the plans, drawings, specifications and elevations of the building, and for increasing or decreasing the cost of constructing the building in accordance with the changes made. Since the bond stipulated that "J. B. Betts shall well and faithfully perform said contract on his part," changes in the building and the materials therefor, and in the cost of construction, were contemplated. The "extras" furnished were within the terms of the contract and therefore of the bond.

The judgment is affirmed.