No. 23,311.

THE NEODESHA NATIONAL BANK, *Appellant*, v. E. D. RUSSELL et al. (THE CHICAGO BONDING & INSURANCE COMPANY, *Appellee*).

SYLLABUS BY THE COURT.

PUBLIC BUILDING—*Default of Contractor—Bank Loaning Money to Contractor to Pay for Labor and Materials Not Entitled to Subrogation to Rights of Lienholders.* A bank loaned money to the contractor of a public building to pay and which was paid for labor and material used in the construction work, and took his notes drawing interest. The notes were not paid. The bank sued the bonding company, surety on the bond given by the contractor to the state conditioned that he should pay all indebtedness for labor or material furnished in the construction, and all claims which might be the basis of liens. *Held*, that by loaning the money to the contractor the bank acquired no interest in, and is not entitled to be subrogated to the rights of those whose claims, if not paid, might have been the basis for liens.

Appeal from Wilson district court; SHELBY C. BROWN, judge. Opinion filed July 9, 1921. Affirmed.

*A. H. Ward,* of Neodesha, and *J. T. Cooper,* of Fredonia, for the appellant.

*J. L. Stryker,* of Fredonia, *John T. Harding, D. A. Murphy,* and *Paul R. Stinson,* all of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

PORTER, J.: E. D. Russell was the contractor for the construction of a high-school building in the city of Neodesha. The Chicago Bonding & Insurance Company was surety on a bond given by him to the state of Kansas which contained the following condition:

"Now, therefore, if the said E. D. Russell shall promptly pay all indebtedness for labor or material furnished in the prosecution of said work; and shall pay all claims which might be the basis of liens, then the above obligation to be void, otherwise to be of full force and effect."

The Neodesha National Bank brought this action against the surety on the bond to recover $3,279.19, the face of three notes given by Russell to the bank and eight per cent interest thereon, making the aggregate amount of the bank's claim $3,440. The bank appeals from an order sustaining a demurrer to its petition.

The petition set out copies of three notes, one for $1,500, one for $1,200, one for $579.19, given to the bank by the contractor between June and September, 1919, each note bearing the following endorsement:

"This note was given to the Neodesha Natl. Bank for money advanced to pay for labor and material for the Neodesha high school now under construction.                                        E. D. RUSSELL."

The petition alleged that the bank furnished Russell these sums "to be used in the payment of persons who furnished labor and material," that the money "was so used and paid for labor and material in the construction of said building," and that the bank by reason of these facts is entitled to be subrogated to all the rights and benefits of any persons whose claims have been the basis for liens which were satisfied or paid by the money so advanced.

Except for the memorandum that the money was to be used for the purpose of satisfying claims for labor and material used in the construction of the school building, the notes were on the ordinary form usually taken by banks in making loans to cus-

tomers. The bank was a mere volunteer. It was under no obligation to become involved in the matter of the erection of the school building, except the usual desire of a bank to make profit by loaning its money on interest. In the opinion in the case of *Deposit Co. v. City of Stafford,* 93 Kan. 539, 144 Pac. 852, the authorities on this question were reviewed at length, and the court approved the doctrine of the case of *Prairie State Bank v. United States,* 164 U. S. 227, where it was held that the rights of the surety related back to the date of the original contract, and that the contractors could not transfer to a bank any greater right in the funds than they themselves possessed, which rights were subordinate to those of the owner and the sureties. The supreme court of the United States said in that case:

"The bank on the contrary, was a mere volunteer, who lent money to Sundberg on the faith of a presumed agreement and of supposed rights acquired thereunder." (p. 232.)

Another case cited with approval in the Stafford case is *First Nat. Bank v. City Trust, Safe Deposit & Surety Co.,* 114 Fed. 529, 52 C. C. A. 313, where it was held that a surety who completes the work after its abandonment by the principal is subrogated, so far as necessary to protect him from loss, to all rights which the owner of the building might have enforced against the contractor had he completed the work himself. In the case last cited the bank, prior to the abandonment of the contract by the contractor, loaned him money, taking an assignment from him of all sums to become due from the city during certain months, of which assignment the city had notice. It was held, however, that the rights of the surety were superior in law and equity to those of the bank, which took no rights superior to those of the contractor as against the owner of the building or the surety.

In *Deposit Co. v. City of Stafford,* supra, the facts were that before the abandonment of the contract by the contractor the latter arranged with the bank to loan certain money by paying the amount of labor and material claims as they accrued, giving the bank an order upon the city for that sum. The bank made no payments except for receipted claims attached to the checks. The bond contained a provision that upon completion of the work by the surety company it should be entitled to all

sums which would have been due or become due the contractor had he performed the contract. The city, over the protest of the surety, paid the bank in full. It was held that equity required the bank and the city to account to the surety for the difference between such sum and the pro rata portion thereof which the original laborers and materialmen would have been entitled to look to the city for, had they retained their claims. It was distinctly held that the case should be determined by rules applicable to the particular state of facts.

In the present case the bank took no assignment of the claims of either laborers or materialmen. It simply loaned money to the contractor with an understanding that he should use the money to satisfy claims for labor and material, and which sums the petition alleges were so used. Russell merely paid these debts with money borrowed from the bank, and so far as the petition shows, without the knowledge or consent of the surety.

The plaintiff invokes the rule that a surety company is not a favorite of the law and must be held strictly to its contract. But the rule does not authorize the court to extend the contract beyond its terms or to make a new contract. By loaning money to the contractor the bank acquired no interest in the claims of the individual laborers or materialmen, although the money was applied in the payment of their claims. The bank is not in the position of having furnished labor or material that went into the building. The provision requiring public officials to take the bond was to protect persons furnishing labor or material used in the construction of public buildings, not to protect money lenders advancing money to contractors in financing the work of construction.

The judgment is affirmed.