No. 23,927.

UNION SCHOOL DISTRICT No. 3, COUNTY OF LINCOLN, *Appellee*, v.
J. C. CLOEPFIL et al. (HARRY GRAVATT, as Administrator, etc.,
*Appellant*, VESPER STATE BANK, Intervener, *Appellee*).

### SYLLABUS BY THE COURT.

PUBLIC BUILDING—*Default of Contractor—Bank Loaning Money to Contractor
to Pay for Labor and Materials Not Entitled to Subrogation to Rights of
Lienholders.* Bank v. Insurance Co., 109 Kan. 562, 200 Pac. 281, followed.

Appeal from Lincoln district court; DALLAS GROVER, judge. Opinion filed
November 4, 1922. Reversed.

*J. J. McCurdy,* of Lincoln, and *T. L. Bond,* of Salina, for the appellant.
*E. A. McFarland,* of Lincoln, for appellee, Vesper State Bank.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff commenced this action against J. C.
Cloepfil, N. B. Trowbridge, and others, for the purpose of having
the claims of all the defendants against the plaintiff adjudicated.
Several of the defendants were claiming liens on the property of the
plaintiff for labor and material furnished in the erection of a school
building. During the pendency of the action N. B. Trowbridge died,
and Harry Gravatt was appointed the administrator. J. C. Cloepfil
was the contractor and had given a bond signed by N. B. Trow-
bridge and H. C. Paulsen to satisfy all claims and demands incurred
in the construction of the building. J. C. Cloepfil did not have
money with which to build the schoolhouse. He made arrangements
with the Vesper State Bank, an intervening defendant, to loan him
money for that purpose. Notes were given by Cloepfil to the bank
for the money borrowed by him. The last note for $700 was not
paid, and Cloepfil overdrew his account in the bank to the amount of
$44.68. For the purpose of this case, it may be assumed that all the
payments made by the bank were for labor and material that went
into the construction of the building. The bank asked to be subro-
gated to the lien rights of those who had furnished labor and ma-
terial for the construction of the building. The school district paid
into court all the money that remained due Cloepfil under the con-
tract. Most of that money, by order of the court and by consent of
all the parties to this action, was paid to those who had claims for
labor and material. A jury was impaneled, but at the close of the

Hayslip v. Insurance Co.

evidence the case was taken from the jury, and the court rendered judgment in favor of the bank against the bondsmen for the sum of $954.26. Harry Gravatt as administrator of the estate of N. B. Trowbridge, deceased, appeals from that judgment.

This case is controlled by *Bank v. Insurance Co.*, 109 Kan. 562, 200 Pac. 281, where this court said:

"A bank loaned money to the contractor of a public building to pay and which was paid for labor and material used in the construction work, and took his notes drawing interest. The notes were not paid. The bank sued the bonding company, surety on the bond given by the contractor to the state conditioned that he should pay all indebtedness for labor or material furnished in the construction, and all claims which might be the basis of liens. *Held,* that by loaning the money to the contractor the bank acquired no interest in, and is not entitled to be subrogated to the rights of those whose claims, if not paid, might have been the basis for liens." (Syl.)

The judgment as to Harry Gravatt, administrator, is reversed, and the trial court is directed to enter judgment in his favor.