## FIRST NAT. BANK OF DOTHAN v. AMERICAN SURETY CO. OF NEW YORK.

### No. 6322.

Circuit Court of Appeals, Fifth Circuit.

Dec. 1, 1931.

A. K. Merrill, of Dothan, Ala., for appellant.

B. P. Crum, of Montgomery, Ala., and O. S. Lewis, of Dothan, Ala., for appellee.

Before BRYAN, SIBLEY, and WALKER, Circuit Judges.

WALKER, Circuit Judge.

This was an action by the appellant against the appellee, the surety on a bond given by C. H. Van Ormer, the contractor for the construction of a hotel building at Dothan, Ala. The complaint set out a copy of

the bond and a copy of the contract, a copy of which by reference in the bond was made a part thereof. The bond contains the following provisions, which immediately follow the obligatory clause of the bond—its statement that the principal and surety, for a valuable consideration, are held and firmly bound unto the Houston Hotel Company, Incorporated, the owner, in a stated sum, for the payment whereof the principal and surety bind themselves, etc.:

"Whereas, the principal has, by means of a written agreement, dated July 6, 1927, entered into a contract with the owner for the building and construction of an eight (8) story hotel building, in Dothan, Alabama, according to the plans and specifications prepared by Frank Lookwood and Lookwood & Poundstone, Architects, to furnish all of the materials and perform all of the work in accordance with the drawings and plans and specifications aforesaid, which is more fully set out in said contract, and a copy of which agreement is hereby, by reference, made a part hereof as fully as if specially set out herein.

"Now, therefore, the condition of this obligation is such that if the principal shall faithfully perform the contract on his part, complete said building free and clear of all liens and/or claims for labor and/or incumbrances and/or material claims and/or otherwise, and satisfy all claims and demands incurred for the same, and shall fully indemnify and save harmless the owner from all cost and damages, of every kind and character, which he or it may suffer by reason of failure so to do, and shall fully reimburse and pay the owner all outlay and expenses, of every kind and character, which the owner may incur in making good any such default, and shall pay all persons for labor and/or material, then this obligation shall be null and void; otherwise it shall remain in full force and effect."

Appellant's complaint asserted the claim that under the bond the appellee was liable to appellant for the amount of money alleged to have been borrowed by Van Ormer, the contractor, from the appellant from time to time during the course of construction of the hotel building for the purpose of being used by the contractor in the payment of pay rolls for labor and in payment for material used in the construction of that building or in the performance of the contract, the complaint alleging that the money so borrowed by the contractor was so used, and that

the indebtedness so contracted was evidenced by a described promissory note of Van Ormer to appellant for the amount thereof. The appellee demurred to the complaint on grounds which included the following: "It does not appear that there has been any breach of the bond sued on. * * * The fact, if it be a fact, that the plaintiff advanced money to the said Van Ormer, while engaged in the construction of said hotel building, to be used and which was used in paying for material and labor in and about the construction of said building, and has failed to repay plaintiff therefor, does not constitute any violation of the bond in the complaint set forth, entitling the plaintiff to maintain its action thereon against this defendant. * * * Nothing in the contract, nor in the bond set forth in the complaint, shows that this defendant became obligated or bound to the plaintiff for the money alleged to have been loaned or advanced by the plaintiff to the said contractor." The court sustained the demurrer, and, the appellant having declined to plead further, rendered judgment in favor of the appellee.

In argument in behalf of the appellant, it was contended that in determining the extent of the liability incurred by the appellee, the surety, the following provisions contained in the building contract should be considered and given the effect of evidencing an intention that performance of the building contract by the contractor included the discharge of obligations incurred by him for money borrowed for use in paying for labor and material used in the building, and which was so used by him, with the result of making the contractor's failure to pay such a debt as the one contracted in favor of the appellant a breach of the bond:

"Before the issuance of final certificate the contractor shall submit evidence satisfactory to the Architect that all pay rolls, material bills, and other indebtedness connected with the work have been paid. * * *

"Guaranty Bonds.—The Owner shall have the right, prior to the signing of the Contract, to require the Contractor to furnish bond covering the faithful performance of the Contract and the payment of all obligations arising thereunder, in such form as the Owner may prescribe and with such sureties as he may approve. If such bond is required by instructions given previous to the submission of bids, the premium shall be paid by the Contractor; if subsequent thereto, it shall be paid by the Owner."

The first of the two just set out provisions is part of an article of the contract having the caption "Acceptance and Final Payment." The preceding part of that article provides for final payment being due 30 days after the contract shall have been fully performed; for the architect, upon receipt of written notice that the work is ready for final inspection and acceptance, making such inspection, and, for his issuing, when he finds the work acceptable under the contract and the contract fully performed, a final certificate stating that the work provided for in the contract has been completed, and is accepted by him under the terms and conditions of the contract, and that the stated balance found by the architect to be due the contractor is due and payable. The provision in question deals only with the subject of the contractor submitting to the architect evidence of the contractor's compliance with requirements of the contract. It does not purport to add anything to what the contract required to constitute full completion of the work contracted for. Evidently that provision was not intended so to enlarge the scope of the contractor's undertaking as to impose upon him the obligation to pay a debt or debts to third persons of a kind in no way mentioned or referred to in the part of the contract which specified what he was to do in erecting and completing the building contracted for. The contract contains no provision with reference to the contractor paying debts incurred for borrowed money. This being so, there seems to be no basis for an inference that the payment of such debts was intended to be provided for by the requirement, in a provision dealing exclusively with the furnishing by the contractor of evidence of his performance of the contract, that he furnish evidence of the payment of "indebtedness connected with the work." The other above set out provision was a stipulation between the owner and the contractor as to the kind of bond the former could require the latter to furnish. Of course, appellee's liability is to be determined, not by a stipulation between the owner and contractor with reference to furnishing a bond, but by the terms of the bond executed by the appellee. That instrument itself discloses what liability the appellee, the surety, consented to assume. The obligation imposed by the bond is measured by its terms. By the bond the obligors undertook that the principal, the contractor, shall do what is recited in the condition, and for nothing more. United States v. Robertson, 5 Pet. 641, 660, 8 L.

Ed. 257. We conclude that neither of the provisions now under consideration properly can be given the effect of adding to what the condition of the bond required the contractor to do to render the bond void.

The claim asserted was sought to be supported by the part of the above set out condition of the bond which ends with the words, "and satisfy all claims and demands incurred for the same." The words "the same" refer exclusively to performance of the contract on the part of the contractor, to the completion of the building free of liens or incumbrances, and to the payment of claims for labor and material used in the building. For a claim or demand to come within the terms of that part of the condition it must have been incurred for what was included in performance of the contract on the part of the contractor, which embraces the furnishing of labor or materials used in the building. The contractor's compliance with that part of the condition of the bond would be of benefit to third parties having claims or demands against the contractor based upon their participation in performing the contract on the part of the contractor, or in completing the building, or in furnishing labor or materials used in the building. By lending money to contractor for use by him in paying for labor and material used in the work contracted for, the lender did not take part in performing the contract or in furnishing labor or material for use in the work. The claim of such lender based on his so furnishing money to the contractor is not based on his taking part in doing any of the things required by the condition of the bond to be done by the contractor to render the bond void, and is based upon an obligation or liability different from any covered by the terms of the bond. Hardaway & Prowell v. National Surety Co. (C. C. A.) 150 F. 465, 469; Id., 211 U. S. 552, 29 S. Ct. 202, 53 L. Ed. 321; United States v. Rundle (C. C. A.) 107 F. 227, 52 L. R. A. 505; National Surety Co. v. Jackson County Bank (C. C. A.) 20 F.(2d) 644, 647; Neodesha National Bank v. Russell, 109 Kan. 562, 200 P. 281; First National Bank v. O'Neil, 176 Minn. 258, 223 N. W. 298. The things enumerated in the part of the condition of the bond which is relied on include nothing other than what the contract obligated the contractor to do or furnish. As above stated, neither the contract nor the bond contains any provision as to the contractor discharging his obligations for borrowed money, whether the contractor did or did not agree to use the money bor-

rowed in performing the contract, did or did not so use it. It being apparent that the main purpose of the bond was to secure compliance by the contractor with his obligations under the building contract, it is to be supposed that, if the bond had been intended to secure the contractor's compliance with an obligation to a third party of a kind not mentioned or referred to in the contract, the bond would have contained an explicit provision to that effect. Instead of the bond containing any such provision, nothing it contains indicates that it was intended to stand as security for loans of money made to the contractor. To hold that the bond had the effect of securing the contractor's compliance with his obligation to the appellant for borrowed money would amount to adding to what the condition required to be done to terminate liability under the bond. The failure of the contractor to discharge his obligation incurred to the appellant for borrowed money was not a failure to do any of the things enumerated in the condition of the bond. This being so, that failure did not constitute a breach of the condition of the bond. We conclude that the above-mentioned ruling was not erroneous.

The judgment is affirmed.