**BANK OF AUBURN, Appellant,**

v.

**UNITED STATES FIDELITY & GUARANTY CO., Appellee.**

**No. 18884.**

United States Court of Appeals
Fifth Circuit.

Oct. 31, 1961.

Knox M. McMillan, Auburn, Ala., Brown & McMillan, Roberts H. Brown, Opelika, Ala., for appellant.

Charles Stakely, Jr., Rushton, Stakely & Johnston, Watkins C. Johnston, Montgomery, Ala., for appellee.

Before RIVES, CAMERON and BROWN, Circuit Judges.

RIVES, Circuit Judge.

This appeal is from a judgment sustaining a motion to dismiss an amended complaint based on a contractor's "Performance and Payment Bond." The Bank of Auburn sought to recover $11,519.21 loaned by it to the contractor for the purpose of paying for labor and materials used in carrying out the contract and actually so used by the contractor. The Bank claimed that this was a " * * * debt incurred [by the contractor] in or about the performance of the work contracted for in the said contract * * *," and thus was included in the conditions of the bond, which read:

"Now, Therefore, the conditions of this obligation are such that if the Principal shall in all respects fully comply with the terms and conditions of said Contract and his obligations thereunder, including the specifications, proposals and plans therein referred to and made a part thereof, and such alterations as may be made on such plans and specifications as thereon provided for, and shall indemnify and save harmless the Obligee against or from all costs, expenses, damages, injury or loss to which the Obligee may be subjected by reason of any wrongdoing, misconduct, want of care or skill, negligence, or default, including patent infringement on the part of the Principal, his agents,

employees, or sub-contractors, in the execution or performance of said Contract and shall promptly pay all just claims for injury to persons or damage to property and for all work done, or skill, tools or machinery, supplies, labor and materials furnished and *debts incurred by the Principal* or Principal's Sub-Contractors, *in or about the performance of the work contracted for,* this obligation to be voided." (Emphasis supplied.)

The district court thought that the law of Alabama was settled that such a bond does not protect a bank which loans money to a contractor to meet his payrolls and to pay for material bills, and relied upon United States Fidelity & Guaranty Co. v. First National Bank of Lincoln, Ala.1932, 224 Ala. 375, 140 So. 755; First National Bank of Dothan v. American Surety Co., 5 Cir., 1931, 53 F.2d 746; and Bill Curphy Co. v. Elliott, 5 Cir., 1953, 207 F.2d 103.

The Bank's counsel make a skillful and diligent effort to distinguish the language used in the present bond from that employed in the bonds sued on in those cases, and rely on cases from other jurisdictions which have held broad conditions in contractor's bonds to cover money loaned or advanced to the contractor, the cases being collected in an annotation in 127 A.L. R. 974, 983, et seq.

The question would be close indeed but for further provisions of the bond which, we think, clearly show that the Bank is not among those for whose protection the bond was executed. The bond sued on, after naming Louis R. Kerr, Opelika, Alabama, as the "Obligee," provides that the principal and surety are bound "for use of the Obligee and all persons doing work or furnishing skill, tools, machinery, supplies or materials under or for the purpose of the contract hereinafter referred to * * *." Again, the concluding sentence of the bond, just before the signature clause, reads: "This bond shall be for the use of the Obligee and all persons doing work or furnishing skill, tools, machinery or materials under or for

the purpose of the contract hereinabove referred to." Thus, the bond covers those persons who do work or furnish materials; but a bank which loans money to the contractor is one step further removed, and is not among those for whose use the bond was furnished. The judgment is therefore

Affirmed.